IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CORNELIUS LENARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00041-M-BP |
| § | |
| TYSON FOODS, INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Tyson Foods, Inc's Motion for Summary Judgment (ECF No. 24), filed April 30, 2018, with brief (ECF No. 25) and appendix (ECF No. 26) in support; Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 33), filed May 21, 2018, with brief (ECF No. 35) and appendix (ECF No. 34) in support; and Defendant Tyson Foods, Inc's Reply Brief in Support of Motion for Summary Judgment (ECF No. 36), filed June 4, 2018. Chief United States District Judge Barbara M.G. Lynn referred this case to the undersigned for pretrial management by Order entered on September 12, 2017. ECF No. 11. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** Defendant's Motion for Summary Judgment (ECF No. 24).

**BACKGROUND**

Plaintiff Cornelius Lenard ("Lenard") brought this negligence action against Defendant Tyson Foods, Inc. ("Tyson"), claiming that he was injured at a Tyson meat-processing facility when a co-worker pushed a large, heavy rack of pork-belly products into him. ECF No. 1-1 at 5. He claims that Tyson was negligent by failing to provide a safe workplace, failing to provide and follow adequate safety policies and practices, failing to provide proper assistance and training,

failing to provide properly trained supervisors and directors, and requiring Lenard to perform tasks under these unsafe conditions, as well as negligence in general. *Id.*

Lenard began working at Tyson Foods at its Vernon, Texas, facility on September 29, 2014. ECF No. 25 at 5, 7–8; No. 35 at 3. He was placed there by MyStaf, a staffing agency. ECF No. 25 at 7; No. 35 at 3. He worked as a smokehouse operator, moving racks of pork bellies hanging on hooks from an overhead rail system. ECF No. 25 at 8; No. 35 at 5. MyStaf paid Lenard $9.00 per hour for this work, and $13.50 for overtime. ECF No. 25 at 8.

Lenard claims to have been injured on the job on March 16, 2015. *Id.* at 5; ECF No. 35 at 3. According to Lenard's deposition, the injury occurred when the 2,000-pound rack of pork he was pushing hung up on the overhead rail, causing the rack to swing forward, then backward, pushing him into another rack being handled by an employee behind him. ECF No. 34 at 9. He went to an emergency room on the morning of Tuesday, March 17, 2015. ECF No. 25 at 15. According to evidence submitted by Tyson, the doctor there prescribed him a muscle relaxer, an anti-inflammatory steroid, and painkillers, and told him to rest and not work for three days. *Id.*

On March 20, 2015, Lenard went to the Clinics of North Texas, LLP, for an evaluation and imaging studies. *Id.* at 17. According to medical-record evidence submitted by Tyson, the examination noted that Lenard had no issues with his lumbosacral spine, had a full cervical range of motion "but with pain behaviours," was scheduled for physical therapy, and was allowed to work on light duty. ECF No. 27 at 164–65. Lenard additionally had an MRI done on the lumbosacral spine on May 13, 2015, which revealed no compression deformity, marrow edema, or spondylolisthesis, but did have a small annular bulge at the L4-5 level and a right foraminal focal bulge at L5-S1. *Id.* at 162. Lenard's physician stated in his notes following an October 5, 2015, appointment that the "MRI scan did not show any significant abnormalities that will account

2

for his back and leg symptoms." *Id.* at 168. The doctor ordered another MRI, this time of the cervical spine, and discussed surgical treatment of Lenard's neck problems with him. *Id.* at 169.

Lenard reported the alleged injury to MyStaf on March 18, 2015. ECF No. 25 at 16; No. 35 at 3. He received Temporary Income Benefits ("TIB") from MyStaf, through Texas Mutual Insurance Company ("Texas Mutual"), of $363.09 per week from March 24, 2015, through February 1, 2016, with some variation for child support payments and earnings from other work. ECF No. 25 at 5, 20; ECF No. 27 at 151–52. He collected $15,783.73 in TIB from Texas Mutual. ECF No. 25 at 20; ECF No. 35 at 152. He also received $5,249.88 for medical expenses from Texas Mutual. ECF No. 35 at 150. However, Texas Mutual later informed Lenard that it had overpaid him in the amount of $431.49 in TIB from May 11, 2015, to May 22, 2015, because Lenard was working during that period. *Id.* at 117. Texas Mutual suspended payment of TIB and notified Lenard he had been overpaid on February 1, 2016, because Lenard reached maximum medical improvement on June 1, 2015. *Id.* at 118.

Tyson did not pay any workers' compensation benefits to Lenard. ECF No. 25 at 5. Tyson is self-insured and a nonsubscriber to the Texas workers' compensation system. *Id.* Tyson argues that Mystaf has fully paid Lenard for his medical treatment and lost wages, and that he should not be allowed to recover doubly from Tyson. ECF No. 25 at 5. Lenard argues that MyStaf did not pay for the neck surgery that he claims he still needs to alleviate his injuries. ECF No. 35 at 3; No. 34 at 25, Deposition Page 95, LL. 11–19. He seeks damages in the range of $100,000 to $200,000. ECF No. 1-1 at 7.

**LEGAL STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

## ANALYSIS

The Defendants move for summary judgment on four grounds: (1) Lenard has insufficient evidence to establish the negligence element of breach; (2) Lenard has insufficient evidence to establish the negligence element of causation; (3) the doctrine of election of remedies bars Lenard from double recovery; and (4) the one-satisfaction rule bars Leonard from recovery. The undersigned recommends that summary judgment be granted, but only on the ground of election of remedies.

**I.   Summary judgment should not be granted on the breach element of Lenard's negligence claim, because Lenard has offered competent, even if self-serving, evidence that presents a fact issue for the jury.**

"Under Texas law, to prevail on a negligence cause of action, the plaintiff must prove 'the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach.'" *Fret v. Melton Truck Lines, Inc.*, 706 Fed. App'x 824, 827 (5th Cir. 2017) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). Tyson argues that Lenard has provided no evidence that Tyson breached its duty to provide a safe workplace, provide and follow adequate safety policies and practices, provide proper assistance and training, and provide properly trained supervisors and directors. ECF No. 25 at 26. Tyson contends that this argument disposes of all of Lenard's claims except for negligence in general. *Id.* at 27.

Lenard argues that excerpts from his own deposition and the deposition of Rose Mary Diaz ("Diaz") prove the element of breach. ECF No. 35 at 4–5. Diaz is a Tyson employee who conducts orientation for the new team members. ECF No. 34 at 33–34. Diaz is the only Tyson employee whom Lenard deposed. ECF No. 36 at 6. As Lenard points out, Diaz testified that Tyson's supervisors and line supervisors are responsible for making sure that machinery in its facility is working properly. ECF No. 35 at 4. Arguably, this establishes Tyson's duty. However, Lenard does not point to any evidence from Diaz or any other third parties that could establish *breach*. Lenard is the only witness to testify that the railing system got stuck several times before his accident, that other workers got knocked down five or six times before his accident, that Tyson was in the process of repairing the allegedly faulty rails, and that Tyson knew of the faulty rails. ECF No. 35 at 5. Lenard is also the only witness to testify to his rack catching or to being hit from behind by the following rack. ECF No. 34 at 9. In fact, Diaz testified that she did not even know Lenard got hurt. *Id.* at 51.

5

"[U]nsubstantiated or conclusory assertions are incompetent summary judgment evidence and cannot defeat a motion for summary judgment." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002)); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"). Such incompetent evidence includes unsubstantiated deposition testimony from the plaintiff. *McCullar v. Methodist Hosp. of Dallas*, No. 3:10-CV-1895-K, 2012 WL 760074, at *15 (N.D. Tex. Mar. 8, 2012). However, a "party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone. . . . Instead, an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving." *C.R. Pittman Const. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 Fed. App'x 439, 443 (5th Cir. 2011) (collecting cases) (citations omitted).

As Tyson argues, Lenard has presented no evidence of breach outside of his own self-serving testimony. ECF No. 36 at 5–6. He has presented no evidence of the alleged injurious incident or any dangerous facility conditions that did not come from Lenard himself. *Id.* However, these statements—while certainly self-serving—are by no means conclusory, because they contain "factual assertions based on firsthand knowledge" of dangerous conditions in the facility and Lenard's own resulting injury. *See Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*, 715 Fed. App'x 351, 354 (5th Cir. 2017) (distinguishing between the plaintiff's testimony as to specific

discriminatory statements—which was non-conclusory, competent evidence—and the plaintiff's conclusory testimony that individuals were prejudiced and treated her poorly because of her race). Lenard is likely the only person who could testify to some of the evidence required for breach, including the central fact that his rack stuck on the railing, causing the accident. A jury is free to disbelieve such self-serving testimony at trial, but the undersigned finds that it creates a fact issue that precludes summary judgment. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016) (holding that a court's choosing which testimony to credit and which to discard is tantamount to making a credibility determination, which is inappropriate at the summary judgment stage).

II. **Summary judgment should not be granted for Tyson on the causation element of Lenard's negligence claim because the law does not require that expert medical evidence be offered.**

"The two elements of proximate cause are cause in fact (or substantial factor) and foreseeability. . . . Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred." *IHS Cedars Treatment Ctr. of DeSoto*, 143 S.W.3d at 798–99. "To establish causation in a personal injury case, a plaintiff must prove that the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries." *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995) (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984)).

"The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). Tyson argues that Lenard's injuries are not of the sort within the common knowledge and experience of jurors, and require medical expert evidence to prove them. ECF No. 25 at 28. Tyson argues that Lenard has not designated an expert to offer such

7

evidence and therefore cannot prove causation. *Id.* Lenard responds that the Court has granted leave for him to designate an expert witness, and that he will correct the absence of expert testimony "promptly." ECF No. 35 at 6. However, Lenard requires actual competent evidence in the record, not the promise of future evidence, to defeat a motion for summary judgment. *See Ragas*, 136 F.3d at 458 (requiring the nonmovant to denote specific facts in the record). Nevertheless, the undersigned finds that it is within the common knowledge and experience of jurors that a forceful blow to the back could cause back and neck injuries. *See, e.g., State Office of Risk Mgmt. v. Larkins*, 258 S.W.3d 686, 691 (Tex. App.—Waco 2008, no pet.) (finding that expert testimony was not required to prove back injuries resulted from the plaintiff's head and back being pushed into a wall); *Fid. & Guar. Ins. Underwriters*, 587 S.W.2d 493, 496–97 (Tex. Civ. App.—Dallas 1979, writ dism'd) (citing cases from Texas courts holding that back injuries are within the common knowledge and experience of juries). Indeed, the testimony of the plaintiff alone, even in contradiction to medical expert evidence, can be sufficient evidence of a causal connection. *Fid. & Guar. Ins. Underwriters, Inc. v. La Rochelle*, 587 S.W.2d at 496–97.

The parties also disagree over whether the medical evidence in the record demonstrates causation. However, because Lenard's own testimony is sufficient to create a fact issue on the element of causation, summary judgment should not be granted to Tyson on this ground.

**III.    Summary judgment should be granted to Tyson under the election of remedies doctrine, because Lenard is inappropriately attempting to gain a double recovery.**

The exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA") states: "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 137–38 (Tex. 2003) (quoting Tex.

Labor Code § 408.001). A temporary worker injured while working under the direct supervision of the company to which he is temporarily assigned can seek workers' compensation from either the general employer (the temporary staffing provider) or the client company (the company that used the temporary staffing provider). *Id*. at 142–43. "An employee may have more than one employer within the meaning of the TWCA, and each employer who subscribes to workers' compensation insurance may raise the exclusive-remedy provision as a bar to claims about the injury." *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 242 (Tex. 2012).

Tyson concedes that, because it is self-insured and does not subscribe to workers' compensation insurance, it cannot benefit from the exclusive-remedy provision of the TWCA. ECF No. 25 at 29. However, it makes the equitable argument under the election of remedies doctrine that because both it and MyStaf provided workers' compensation benefits, Lenard should not be allowed a double recovery from both Tyson and MyStaf. ECF No. 36 at 14–15. "The doctrine of 'election of remedies' is an affirmative defense that, under certain circumstances, bars a person from pursuing two inconsistent remedies." *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996) (citing *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 850–52 (Tex. 1980)) (affirming summary judgment where an employee sued in common-law tort based on an injury for which he had already received workers' compensation benefits). "The election doctrine . . . may constitute a bar to relief when (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice." *Bocanegra*, 605 S.W.2d at 851. The TWCA does not in general abrogate the common-law election of remedies defense. *Texas Workers' Comp. Com'n v. Texas Worker's Comp. Ins. Fund*, 132 S.W.3d 5, 11 (Tex. App.—Amarillo 2003, no pet.); *but see Valley Forge Ins. Co. v. Austin*, 65 S.W.3d 371, 373 (Tex. App.—Dallas 2001, no pet.) (holding that the TWCA does

9

abrogate the election of remedies doctrine with regard to recovery from both group health insurance benefits and workers' compensation benefits).

It is clear that Lenard is attempting to recover from Tyson for an injury for which Mystaf has already fully compensated him. Lenard made the informed choice of seeking workers' compensation benefits from MyStaf in place of suing Tyson, and he has provided no authority suggesting that his case is different because it involves two different employers. If both Tyson and MyStaf subscribed to a workers' compensation insurance plan, it is undisputed that Lenard could not recover full payment of benefits twice, once from each company. The same incident and injuries are the basis for both of Lenard's claims, and to allow him to recover in tort for the same injury for which he already received workers' compensation would be manifest injustice under the election of remedies doctrine. Lenard is attempting to gain a double recovery for the same injurious incident. Because he cannot do so, summary judgment should be granted for Tyson.

**IV.   The one satisfaction rule does not clearly apply to the instant case.**

"Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000) (citing *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 7 (Tex. 1991)). "This rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury." *Id.* "[T]he one-satisfaction rule emerges in Texas Supreme Court jurisprudence as a tort law contribution doctrine, and its application has generally been limited to cases in which a plaintiff settles with an alleged joint tortfeasor." *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, 754 F.3d 297, 308 (5th Cir. 2014); *see also Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 509 (5th Cir. 2014) (noting that the one satisfaction rule "was a damage adjustment mechanism that prevented a windfall to the plaintiff in the form of a double recovery").

Tyson argues that the one satisfaction rule bars Lenard from recovery against Tyson in this suit because Lenard received full satisfaction from MyStaf through the payment of workers' compensation benefits. ECF No. 25 at 30–32. Tyson does not cite any authority for the proposition that the one satisfaction rule applies to a case involving workers' compensation, as opposed to the usual case where a plaintiff is barred from suing a joint tortfeasor after settling with another tortfeasor. *See GE Capital Commercial, Inc.*, 754 F.3d at 308. Nor is the undersigned aware of any Texas authority that applied the one satisfaction rule in such a case. Payment of workers' compensation benefits is not the same as a recovery in a tort action, or settlement of such an action. The one satisfaction rule does not clearly apply to the circumstances of the instant case, and as a result the undersigned does not recommend that summary judgment be granted on this ground.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** Defendant's Motion for Summary Judgment (ECF No. 24).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      It is so **ORDERED** on July 17, 2018.

                                                                                  Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE