IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **CORNELIUS LENARD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00041-M-BP |
| § | |
| **TYSON FOODS, INC.,** § | |
| § | |
| Defendant. § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

In the Court's Amended Order Accepting Findings and Recommendation of the United States Magistrate Judge entered on August 22, 2018 (ECF No. 46), Chief United States District Judge Barbara M. G. Lynn remanded to the undersigned for reconsideration the summary judgment issues raised in part III of the Findings, Conclusions, and Recommendation (ECF No. 38) entered on July 17, 2018. In accordance with Chief Judge Lynn's Order, and after reconsidering the issues and legal authorities raised, the undersigned entered an Order pursuant to Federal Rule of Civil Procedure 56(f)(2) on August 22, 2018 (ECF No. 47), notifying the parties that the Court was considering recommending to Chief Judge Lynn that she grant Defendant Tyson Food, Inc.'s Motion for Summary Judgment (ECF No. 24) on the basis of Chapter 93 of the Texas Labor Code. The undersigned entered a briefing schedule, and the parties have completed their briefing.

Now pending before the Court are the Supplemental Motion for Summary Judgment, Brief, and Appendix (ECF Nos. 50-52) filed by Defendant on September 5, 2018; Plaintiff's Response and attached Brief (ECF No. 53) filed on September 17, 2018; and Defendant's Reply (ECF No. 55) filed on October 1, 2018. After considering the pleadings and applicable law, the undersigned

**RECOMMENDS** that Chief Judge Lynn **GRANT** Defendant's Motion for Summary Judgment (ECF No. 24) and Supplemental Motion for Summary Judgment (ECF No. 50).

## BACKGROUND

The factual background of this personal injury case is recited in the Court's previous Findings, Conclusions, and Recommendation (ECF No. 38) and will not be repeated here except as needed to explain the undersigned's ruling.

Plaintiff Cornelius Lenard ("Lenard") was allegedly injured on or about March 17, 2015 while working at a facility operated by Defendant Tyson Foods, Inc. ("Tyson") in Vernon, Texas. (ECF No. 1-1 at 5). On that date, Lenard was employed by MyStaf, a temporary staffing company, which assigned him to work at Tyson's facility. Following his injury, Lenard applied for and received workers' compensation benefits from MyStaf's workers' compensation insurance carrier. He now seeks to recover damages from Tyson.

Prior to Lenard's going to work at the Tyson facility, Tyson and MyStaf entered an agreement entitled "Employment Agency Services Agreement (Temporary Staffing)" dated October 7, 2014. (ECF No. 34 at Appendix D). Under the terms of that agreement, MyStaf provided workers' compensation insurance coverage to its employees who were assigned to work with Tyson, and Tyson paid a fee to MyStaf for such workers in an amount that covered the benefits (including workers' compensation insurance) that MyStaf provided to its employees. (*Id.*). A true and correct copy of a Certificate of Liability Insurance for the policy period of October 1, 2014 to October 1, 2015, identifying MyStaf as the insured, is attached to the Affidavit of Bert Huff. (ECF No. 52 at 5). Mr. Huff is the President of M/S Wichita Falls, Inc. d/b/a MyStaf as shown by Exhibit 1. (*Id.*). The certificate reflects that MyStaf's Workers Compensation and

Employers' Liability coverage was provided for that period under Policy # TSF0001205205 issued by Texas Mutual Insurance Company. (*Id.*). Tyson was self-insured. (ECF No. 25 at 29).

## LEGAL STANDARD

"Summary judgment should be entered only if the parties are on notice of the grounds on which judgment is entered." *Nicholson v. Securitas Security Services USA, Inc.*, 830 F.3d 186 (5th Cir. 2016). Federal Rule of Civil Procedure 56(f)(1) provides that "[a]fter giving notice and a reasonable time to respond, the court may: . . . (2) grant the [summary judgment] motion on grounds not raised by a party . . . ."

## ANALYSIS

In its Supplemental Motion for Summary Judgment (ECF No. 50), Tyson moves for summary judgment under sections 93.004 and 408.001 of the Texas Labor Code. Those sections provide as follows:

> Sec. 93.004. WORKERS' COMPENSATION INSURANCE COVERAGE. (a) A certificate of insurance coverage showing that a temporary employment service maintains a policy of workers' compensation insurance constitutes proof of workers' compensation insurance coverage for the temporary employment service and the client of the temporary employment service with respect to all employees of the temporary employment service assigned to the client. The state or a political subdivision of the state shall accept a certificate of insurance coverage described by this section as proof of workers' compensation coverage under Chapter 406.
>
> (b) For workers' compensation insurance purposes, if a temporary employment service elects to obtain workers' compensation insurance, the client of the temporary employment service and the temporary employment service are subject to Sections 406.034 and 408.001.
>
> (c) Except as provided by Subsection (d), an employee's election under Section 406.034(b) made with respect to the temporary employment service applies to any client of the temporary employment service, and the employee may not make a separate election under that section with respect to the client.

> (d) If an employee elects to retain a common-law right of action under Section 406.034(b) with respect to the temporary employment service, that election does not apply to a client of that temporary employment service if the client is not subject to Section 406.034.

Tex. Labor Code § 93.004 (West 2018).

"Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." *Id.* § 408.001.

Tyson asserts that the exclusive remedy provision bars Lenard's suit because MyStaf was a temporary employment agency that provided workers' compensation insurance coverage to Lenard, and thus MyStaf and Tyson are eligible to assert the exclusive remedy provision of section 408.001 of the Texas Labor Code. *See Rodriguez v. Panther Expedited Services, Inc.*, No. 04-17-00291-CV, 2018 WL 3622066, at 3 (Tex. App.—San Antonio, July 31, 2018, no pet. h.) (Under Texas Labor Code section 93.004(b), "if a [temporary employment service] has elected to carry workers' compensation insurance, both the TES and a client of the TES are subject to the exclusive remedy provision found in section 408.001 of the TWCA.").

Lenard opposes Tyson's argument on the grounds of judicial estoppel and waiver. As to judicial estoppel, Lenard argues that Tyson cannot now assert section 408.001's exclusive remedy provision because it previously argued that it should recover on an election of remedies or one satisfaction rule basis. (ECF No. 53-1 at 3). Lenard claims that Tyson's new position is inconsistent with its previous position that the Court accepted, and thus Tyson should be judicially estopped under the authority of *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 859 (5th Cir. 2010) (quoting *Hall v. GE Plastic Pac. PTD Ltd.*, 327 F.3d 391, 395-96 (5th Cir. 2003). Lenard also asserts that Tyson has waived its right to assert the exclusive remedy provision because it failed to

assert this provision and instead relied upon election of remedies and one satisfaction rule defenses. *See Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104-05 (5th Cir. 2015) (quoting *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015) (citing the elements of common law waiver under Texas law).

Tyson responds that neither judicial estoppel nor waiver apply to its Supplemental Motion for Summary Judgment. Tyson notes that it alleged the exclusive remedies provision as an affirmative defense in its First Amended Answer and that its reliance on section 93.004(b) of the Texas Labor Code is not unequivocally inconsistent with its previous position that Lenard had elected his remedy in this case by accepting workers' compensation benefits from MyStaf's carrier. (ECF No. 55 at 5-6). Tyson further denies that it voluntarily relinquished its right to assert the exclusive remedy provision such that it waived any right that it might have under that provision of the law. (*Id.* at 6-7).

The undersigned agrees with Tyson that judicial estoppel and waiver do not apply to its Supplemental Motion for Summary Judgment. For judicial estoppel to prevent Tyson's argument under section 93.004(b) of the Texas Labor Code, the undersigned would have to find that Tyson engaged in gamesmanship to secure an advantage over Lenard at the Court's expense. As the Fifth Circuit noted, "[j]udicial estoppel 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or earlier proceeding.' The purpose of the doctrine is to prevent litigants 'from playing fast and loose with the courts . . . .'" *Hall*, 327 F.3d at 396 (citing *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)) (other citations omitted). Here, there is no suggestion that Tyson endeavored to lead the Court to enter an erroneous judgment. Nor do the facts show that Tyson knowingly relinquished its right to assert sections 93.004(b) or 408.001of the Texas Labor Code for waiver to apply.

Instead, it appears that a fairly recent amendment to the Texas Labor Code provides the rule of decision in this case. An even more recent opinion of the San Antonio Court of Appeals sheds light on how that provision applies to this type of case. Based on those legal authorities, there does not appear to be any issue of genuine fact to submit to a jury in this case. MyStaf provided workers' compensation coverage to Lenard, and he accepted that coverage. While employed by MyStaf, Lenard was injured on the job at a facility owned by Tyson, MyStaf's client. By operation of law, both MyStaf and Tyson are entitled to claim the exclusive remedy provision of section 408.001 of the Texas Labor Code. Applying that provision to Lenard's claim, the undersigned must conclude that Chief Judge Lynn should grant summary judgment in Tyson's favor.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** Defendant's Motion for Summary Judgment (ECF No. 24) and Supplemental Motion for Summary Judgment (ECF No. 50).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED October 31**, **2018**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE